UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DOROTHY WATKINS DORVIN, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **11-CV-696** |
| **3901 RIDGELAKE DRIVE, LLC, ET AL** | **SECTION B(2)** |

<u>ORDER AND REASONS</u>

Before the Court is Third Party Defendant ConstructionSouth, Inc.'s ("CSI")'s Motion for Relief from Order (Rec. Doc. No. 115).

Accordingly, and for the reasons pronounced below, **IT IS ORDERED** that CSI's Motion for Relief from Order (Rec. Doc. No. 115) is **DENIED**.

**IT IS FURTHER ORDERED** that the respective parties submit briefings to the Court regarding the issue of quantum by **June 30, 2012.**

<u>Cause of Action and Facts of the Case:</u>

The facts of this case are well known to the Court. As such, this analysis will adopt and incorporate by reference the cause of action and facts of the case as noted in the Court's March 27, 2012 Order and Reasons (Rec. Doc. No. 109, at 2-6).

Law and Analysis

a. Motion for Reconsideration:

It is well recognized that reconsideration is an "extraordinary remedy which should be used sparingly." *A.M.C. Liftboats, Inc. Apache Corp.*, 2008 WL 1988807, at 1 (E.D. La. 2008) (quotation marks omitted). Federal Rule of Civil Procedure Rule 59(e) is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. *Templet v. HydrocChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). There are four grounds upon which a motion to reconsider can be granted: "(1) to correct manifest errors of law or fact upon which judgment is based; (2) the availability of new evidence; (3) the need to prevent manifest injustice; or (4) an intervening change in controlling law." *Peterson v. Cigna Group Ins.*, 2002 WL 1268404, at 2 (E.D. La June 5, 2002). Furthermore, the Fifth Circuit has held that a court may only grant a motion for reconsideration on the basis of newly acquired evidence if "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003).

While CSI's motion is not stylized as a motion to reconsider, the substance of its motion will be construed as such, with relation to it seeking clarification of the Court's denial of its motion for summary judgment against Defendant 3901 pursuant to the doctrine of *res judicata*. (*See* Rec. Doc. No. 109, at 16). The Court has already determined that the "arbitration award cannot be granted preclusively effect." (Id.). The Court found that the arbitration award at issue arose from a contract dispute between the *contractor* and the *subcontractor*, while the instant suit arose from a contract dispute between the *contractor* and *purchasers of property*. (Id. at 15). Further, the Court determined that the subject matter of the arbitration was different from the instant lawsuit because the arbitration focused on the "recovery of damages under contract and tort theories . . . for the construction of [the] condominiums," while the instant lawsuit against Defendant 3901 was for construction defects, breach of warranty, breach of contract, and misrepresentation. (Id. at 15). Thusly, the respective parties and two proceedings are materially different, so the arbitration award cannot be given preclusive effect. As such, CSI has not established any evidence that would warrant this Court to use the extraordinary remedy of reconsideration and give the arbitration award preclusive effect.

Second, CSI asks the Court to amend its Order to state the remaining issues to be litigated between Plaintiffs and Defendant

3901. (Rec. Doc. No. 115-1, at 2). The Court has already granted partial summary judgment on the issue of the New Home Warranty Act in favor of Plaintiffs. The Court found liability against Defendant 3901 to be appropriate because Defendant 3901 concedes that it "cannot deny the essential and material allegations of the plaintiff's demand, because 3901 has judicially confessed [to] the [construction] defects in state court as a matter of law and is also barred by judicial estoppel, from denying those allegations." (Rec. Doc. No. 109, at 13). The record also demonstrates that Defendant 3901 did not oppose Plaintiff's Motion for Partial Summary Judgment on Issue of New Home Warranty Act (*See* Rec. Doc. Nos. 8 and 12). Only CSI, a third-party defendant, opposed said motion, and the Court determined that CSI lacked standing to do so. (Rec. Doc. Nos. 11 and 109). Accordingly, liability has been established against Defendant 3901. Thusly, the next issue for the Court to consider is that of quantum. *See e.g.*, *Castillo v. Oms*, 1999 WL 197107, at *3 (E.D. La. 1991). Therefore, in light of the Court's prior determination of liability, the respective parties are directed to submit briefings addressing the issue of damages to the Court by **June 30, 2012**.

Accordingly, and for the reasons pronounced above, **IT IS ORDERED** that CSI's Motion for Relief from Order (Rec. Doc. No. 115) is **DENIED**.

**IT IS FURTHER ORDERED** that the respective parties submit briefings to the Court regarding the issue of quantum by **June 30, 2012.**

New Orleans, Louisiana, this 29TH day of May, 2012.

_____
UNITED STATES DISTRICT JUDGE