UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DOROTHY WATKINS DORVIN ET AL.                    CIVIL ACTION

VERSUS                                           NO. 11-696

GAYLE O. JENKINS ET AL.                          SECTION "B" (2)

## **ORDER**

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed and served no later than eight days before the noticed submission date. No memorandum in opposition to plaintiffs' Motion for Reconsideration of Motion to Compel Responses to Discovery and Production of Documents, Record Doc. No. 183, submitted for decision on July 11, 2012 without oral argument, has been timely submitted. Accordingly, this motion is deemed to be unopposed. However, it appearing to the court that the motion lacks merit,

**IT IS ORDERED** that the motion is DENIED, for the following reasons. Plaintiffs ask the court to reconsider its prior order that granted defendant Gayle Jenkins's unopposed motion to compel plaintiffs to respond to her written discovery requests. Record Doc. No. 152.

Plaintiffs recognize that their motion for reconsideration is actually a motion to alter or amend a judgment under Rule 59(e). The Fifth Circuit

"has recognized four grounds upon which a Rule 59(e) motion may be granted: (1) to correct manifest errors of law or fact upon which a judgment is based, (2) the availability of new evidence, (3) the need to prevent manifest injustice, or (4) an intervening change in controlling law."  The Fifth Circuit Court of Appeals has instructed that the standard for Rule 59(e) "favors denial of motions to alter or amend a judgment."

In re Katrina Canal Breaches Consol. Litig., No. 05-4182, 2009 WL 2447846, at *2 (E.D. La. Aug. 6, 2009) (quoting So. Contractors Grp., Inc., v. Dynalectric Co., 2 F.3d 606, 611 (5th Cir. 1993); Johnson v. Cain, No. 05-1943, 2007 WL 1741883, at *1 (E.D. La. June 14, 2007)) (citing Arceneaux v. State Farm Fire & Cas. Co., No. 07-7701, 2008 WL 2067044, at *1 (E.D. La. May 14, 2008)) (emphasis added); accord McGillivray v. Countrywide Home Loans, Inc., 360 F. App'x 533, 537 (5th Cir. 2010) (citing In re Benjamin Moore & Co., 318 F.3d 626, 629 (5th Cir. 2002)).  Plaintiffs contend that their motion to reconsider should be granted to correct manifest errors of fact in this court's prior order granting defendant's motion to compel.  Record Doc. No. 152.

First, contrary to plaintiffs' argument, Fed. R. Civ. P. 37(a)(1) does not require defendant's attorney to submit evidence to support her certification under that rule that she had conferred in good faith with plaintiffs' counsel before filing her motion to compel.  Plaintiffs themselves have provided no evidence that defense counsel's certification was not in good faith.

Second, plaintiffs actually confirm in their memorandum that all of the facts that supported this court's prior order are correct.  They admit that they did not timely

respond to any of Jenkins's discovery requests and did not provide any written responses until 20 days <u>after</u> defendant filed her motion to compel.  According to plaintiffs' own memorandum, this was 73 days after they had received her discovery requests.  Record Doc. No. 183-1 at pp. 3-4.

Plaintiffs failed either to comply with the 30-day deadline to provide their responses or to obtain an extension of time from opposing counsel or the court to respond to the discovery requests.  Fed. R. Civ. P. 33(b)(2), 34(b).  As a matter of law, they waived all objections to defendant's interrogatories and requests for production.  Fed. R. Civ. P. 33(b)(4); <u>Poulos v. Naas Foods, Inc.</u>, 959 F.2d 69, 74 (7th Cir. 1992); <u>Marx v. Kelly, Hart & Hallman, P.C.</u>, 929 F.2d 8, 10, 12-13 (1st Cir. 1991); <u>McLeod, Alexander, Powell & Apffel v. Quarles</u>, 894 F.2d 1482, 1484 (5th Cir. 1990); <u>In re United States</u>, 864 F.2d 1153, 1156 (5th Cir. 1989); <u>Krewson v. City of Quincy</u>, 120 F.R.D. 6, 7 (D. Mass. 1988); <u>Perry v. Golub</u>, 74 F.R.D. 360, 362-63 (N.D. Ala. 1976).

Plaintiffs' attorney also admits in the memorandum in support of their motion that, despite the requirements of Local Rule 7.5, he decided <u>not</u> to file a memorandum in opposition to Jenkins's motion to compel and he did not seek any continuation of the hearing date or other relief from either the court or counsel for Jenkins, until the day before the motion to compel was scheduled for submission, when he provided written discovery responses that contained numerous waived objections. Record Doc. No. 183-1

at p. 3.   In these circumstances, plaintiffs have presented no facts to warrant reconsideration of the court's prior order.

In addition, it appears from the copy of plaintiff's answers to interrogatories attached to their motion that their answers are <u>not</u> verified under oath by the parties to whom the interrogatories are directed, as required by Fed. R. Civ. P. 33(b)(1), (3) and (5). Accordingly, no later than **July 25, 2012**, plaintiffs are **HEREBY ORDERED** again to make all responsive documents available to defendant's counsel, provide defendant with complete written responses to defendant's discovery requests without objection, sign their supplemental Answers to Interrogatories under oath and provide the required verification of their previous interrogatory answers.

New Orleans, Louisiana, this _____11th_____ day of July, 2012.


_____

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE