UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DOROTHY WATKINS DORVIN, ET AL**                      **CIVIL ACTION**

**VERSUS**                                             **11-CV-696**

**3901 RIDGELAKE DRIVE, LLC, ET AL**                   **SECTION B(2)**

## ORDER AND REASONS

Before the Court is third-party Plaintiff Gayle O. Jenkins' ("Jenkins") Motion for Reconsideration (Rec. Doc. No. 184) and third-party Defendant Harry Baker Smith Architects II's ("HBSA II") opposition. (Rec. Doc. No. 197). Accordingly, **IT IS ORDERED** that third-party Plaintiff Gayle O. Jenkins' Motion for Reconsideration (Rec. Doc. No. 184) is **DENIED**.

## PROCEDURAL HISTORY

This matter originally rose out of the preparation and construction of a 16-unit residential condominium development at 3901 Ridgelake Drive, Metairie, Louisiana. (Rec. Doc. No. 138 at 1). The development was named "Ponchatrain Caye Condominiums." (Rec. Doc. No. 109 at 2). Plaintiffs are the purchasers of condominiums in the complex, which were all marketed and sold by 3901 Ridgelake Drive, LLC ("3901"). *Id.* After moving into the units in 2007, Plaintiffs discovered multiple construction

defects resulting from "shoddy . . . defective workmanship." (Rec. Doc. No. 1-2 at 2). After Plaintiffs allegedly alerted 3901 of the damaged area(s), the Defendants allegedly promised to address the defects and poorly constructed areas. *Id.* However, the repairs were not fully completed and the Plaintiffs continued to notice problems. *Id.*

The Plaintiffs filed the instant suit in the 24th Judicial District for Jefferson Parish, Louisiana on February 15, 2008. (Rec. Doc. No. 109 at 5). Plaintiffs filed suit against 3901 and Gayle O. Jenkins, and other known associates. *Id.* Gayle O. Jenkins, is the principal owner/developer of 3901. (Rec. Doc. No. 122-1 at 2). Because Jenkins filed for bankruptcy on January 28, 2011, this case was removed to the Eastern District of Louisiana on March 31, 2011 under 28 U.S.C. § 1334(e)(1). (Rec. Doc. No. 1).[1] The instant suit was reallotted to this chambers on January 18, 2012. (Rec. Doc. No. 109 at 6).

Subsequently, on March 14, 2012, as a third-party Plaintiff, 3901 Ridgelake, added HBSA II as a third-party Defendant. (Rec. Doc. No. 99). HBSA II entered into a contract with 3901 as the architect for the "Ponchatrain Caye

---

[1] This statute provides that "[t]he district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction over "all the property, wherever located, of the debtor as of the commencement of such case . . . ." 28 U.S.C. § 1334(e)(1) (2006).

Condominiums" development, and was responsible for the design of the project. It is alleged to have committed substantial and material breaches of its contract with 3901. *Id.* at 2. 3901 Ridgelake sought indemnification from HBSA II and its insurer for any losses and damages attributed to its breach of contract. *Id.* On May 14, 2012, HBSA II submitted a Motion for Summary Judgment against 3901. (Rec. Doc. No. 122-1).

On May 31, 2012, this Court granted HBSA II's Motion for Summary Judgment (Rec. Doc. No. 148), finding Summary Judgment appropriate because the motion was deemed "unopposed," and it appeared to this Court that the motion had merit. *Id.* On May 23, 2012, one day after Jenkins's opposition to the Motion for Summary Judgment was filed, the Clerk's Office issued a Notice of Deficient Document. (Rec. Doc. No. 197-1). The notice referrred to Jenkins's opposition and instructed that the Statement of Material Facts was not provided. *Id.*[2] The Clerk instructed Jenkins to refile the document in its entirety within seven calendar days, or otherwise it would be stricken by the Court. *Id.* The refiled document was due by May 30, 2012. *Id.* Jenkins did not file a statement of contested facts by the May 30 deadline, which caused the opposition document to be stricken

---

[2] Local Rule 56.2 requires that "any opposition to a motion for summary judgment must include a separate and concise statement of material facts which the opponent contends present a genuine issue." LR 56.2.

from the record, and the Motion for Summary Judgment was deemed unopposed.. Thus, giving this Court reason to grant HBSA II's motion. (Rec. Doc. No. 148). Jenkins then filed its Motion for Reconsideration (Rec. Doc. No. 184) on June 25, 2012, and HSBA II filed its opposition memorandum (Rec. Doc. No. 197) in response.

## CONTENTIONS OF MOVANT

Jenkins asserts that HBSA II's Motion for Summary Judgment should be vacated and set aside because Jenkins's opposition was timely filed on May 22, 2012, when it filed its deficient pleading. (Rec. Doc. No. 184). Jenkins contends that the deficiency was due to the certificate of service not being filed as a "separate pleading" which the Clerk corrected on May 23, 2012. *Id.* Pursuant to this argument, Jenkins asserts that because the deficiency was corrected by the Clerk, the filing date for timeliness purposes should be the earlier "deficient" filing date. (Rec. Doc. No. 184-1).

## CONTENTIONS OF RESPONDENT

HBSA II first asserts that Jenkins's motion omits critical facts concerning the Notice of Deficient Document on May 23, 2012, which required Jenkins to provide the Statement of Material Facts and a re-submission of the document in its entirety within seven calendar days. (Rec. Doc. No. 197 at 2).

-4-

HBSA II contends that Jenkins's "plain error" argument fails because Jenkins did not comply with Local Rule 56.2 and submit the Statement of Material Facts. *Id.* at 3. Secondly, HBSA II asserts that the motion is facially-deficient because Jenkins' argument is not based on a particular Federal Rule of Civil Procedure as required by this Court's instruction in filing a Motion of Reconsideration. *Id.*[3] Third, HBSA II contends that Jenkins's motion fails to assert and satisfy any of the requirements under Fed. R. Civ. P. 59 to prevail on a Rule 59(e) Motion for Reconsideration. *Id.* at 4.[4]  Finally, HBSA II contends that even though Jenkins requests that his opposition be deemed timely filed, because of the substantive nature of the violation and the failure to comply before the deadline, this would still result in the granting of summary judgment. Id. at 6.[5]

---

[3] In granting HBSA II's Motion for Summary Judgment, this Court instructed that "a motion for reconsideration of this Order based on the appropriate Federal Rules of Civil Procedure, if any, must be filed within 30 days of this Order." (Rec. Doc. No. 148).

[4] The moving party "must satisfy at least one of the following criteria to prevail on a Rule 59(e) motion: (1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in the controlling law." *Terrebonne Parish School Board*, 348 F.Supp.2d 769, 771 (E.D.La. 2004).

[5] For failure to comply with LR 56.2, this district has deemed material facts admitted for deciding summary judgment motions when the oppposing party does not provide a statement of contested material facts required by

**LAW AND ANALYSIS**

**A. STANDARD OF REVIEW**

The Federal Rules of Civil Procedure do not provide for a "Motion for Reconsideration" but such motions may properly be considered either a Rule 59(e) motion to alter or amend a judgment or a Rule 60(b) motion for relief from a judgment. See *Bass v. U.S. Dept. of Agriculture*, 211 F.3d 959, 962 (5th Cir. 2000); *Hamiliton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 383 (5th Cir. 1998). In order to be timely filed, a Rule 59(e) motion must be filed within twenty-eight days of the judgment or order of which the party complains. Fed. R. Civ. P. 59(e). Otherwise, a motion for reconsideration will be considered as a Rule 60(b) motion. *Freeman v. County of Bexar*, 142 F.3d 848, n.7 (5th Cir. 1998). It is undisputed that Jenkins filed the Motion for Reconsideration within twenty-eight days of the date on which this Court issues it granting of HBSA II's Motion for Summary Judgment. (Rec. Doc. No. 148).

There are generally four grounds upon which a court may alter or amend its ruling or judgment under Rule 59(e) of the Federal Rules of Civil Procedure: (1) if the judgment is based upon manifest errors of law or fact;(2) upon the existence of

---

LR 56.1. *See, e.g.*, *Smith v. Keystone Shipping Co.*, 2005 WL 1458226 (E.D. La. 2005).

newly discovered or previously unavailable evidence;(3) if manifest injustice will result; or (4) if an intervening change in controlling law has occurred. See 11 Wright, Miller & Kane, Federal Practice & Procedure: Civil 2d § 2810.1 ("Wright & Miller"); Rosenblatt v. United Way of Greater Houston, 607 F.3d 413, 419 (5th Cir. 2010). Jenkins does not assert any particular ground for relief under this standard, and only requests that this Court deem the Opposition to the Motion for Summary Judgment as timely filed. (Rec. Doc. No. 184-1).

**B. Grounds for Reconsideration**

Jenkins relies on *Darouiche v. Fid. Nat'l Ins. Co.*, 415 F.App'x 548 (5th Cir. 2011) in asking this Court to find that the opposition was timely filed. (Rec. Doc. 184-1 at 1). In this case, the Fifth Circuit found that a motion for a new trial was timely filed because the basis of its deficiency was due to a "local rule that require[d] a proposed order to be electronically filed as a separate attachment." *Darouiche* at 552. The court concluded that the "minor formatting error in . . . . the motion rendered that motion too insufficient to be considered would unjustifiably elevate form over substance." *Id.* So, because the deficiency was based on a local rule of "form

only," based on Fed.R.Civ.P. 83(a)(2) the panel concluded that the motion was timely filed under Fed.R.Civ.P. 59.[6]

In this instance, Jenkins's deficiency concerned the lack of a Statement of Contested Material Facts required by LR 56.2. (Rec. Doc. No. 197-1). Local Rule 56.2 requires that "any opposition to a motion for summary judgment must include a separate and concise statement of the material facts which the opponent contends present a genuine issue."

First, in Jenkins's motion there is no reference to the LR 56.2 requirement, which caused a deficiency in the opposition to the Motion for Summary Judgment. (Rec. Doc. No. 184-1). Second, the *Dairouche* decision, referencing Fed.R.Civ.P. 83, does not create an exception for substantive deficiencies. In the Official Comments to Fed.R.Civ.P.83, the drafters limit section (a)(2) to include:

> only those [errors] involving local rules directed to matters of form . . . [it] does [not] affect the court's power to enforce local rules that involve more than mere matters of form--for example, a local rule requiring parties to identify evidentiary matters relied upon to support or oppose motions for summary judgment.

Fed.R.Civ.P.83, 1995 Amendment. Therefore, the deficiency in Jenkins's opposition is one of substance and not of form, and

---

[6] Fed.R.Civ.P. Rule 83(a)(2) requires that "a local rule imposing a requirement of form must not be enforced in a way that causes a party to lose any right because of nonwillful failure to comply."

-8-

this Court has the power to strike Jenkins's deficient opposition from the record. Subsequently, this Court has the power to grant HBSA II's Motion for Summary Judgment because it was unopposed and included a factual basis upon which to grant the motion.

Furthermore, the consequence of non-compliance with LR 56.2 requires that unless the opposing party controverts the facts given by the moving party, "all material facts in the moving party's statement will be deemed admitted, for purposes of the motion." Even if this Court would find that the opposition was timely filed, courts in this jurisdiction have nevertheless granted Motions for Summary Judgment in cases in which no Statement of Contested Material Facts have been filed. *See Smith v. Keystone Shipping Company*, 2005 WL 1458226 (E.D. La. 2005). Without filing the Statement of Material Facts, the opposition "is not supported by competent summary judgment evidence" which deems the opponent's "assertions and allegations [as] unsubstantiated." *Id.* at 2. So, although the opposition may be timely filed, this jurisdiction may grant a Motion for Summary Judgment because the substantive nature of this particular deficiency causes the opposition to be without merit. *Id.*

Moreover, this Court notes that on the merits here, third-party Plaintiff Jenkins' opposition to summary judgment fails to

establish a material dispute over when third-party Plaintiff exercised partial ownership or possession of the development at issue.

Accordingly, **IT IS ORDERED** that third-party Plaintiff Gayle O. Jenkins' Motion for Reconsideration (Rec. Doc. No. 184) is **DENIED**.

New Orleans, Louisiana, this 26th day of July, 2012.

_____
UNITED STATES DISTRICT JUDGE