# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DOROTHY WATKINS DORVIN, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **11-CV-696** |
| **3901 RIDGELAKE DRIVE, LLC, ET AL** | **SECTION B(2)** |

## ORDER AND REASONS

**IT IS ORDERED** that Plaintiffs' Opposed Motion for Partial Summary Judgment on Issue of Piercing 3901 Ridgelake Drive, LLC's Corporate Veil is **DENIED**. (Rec. Doc. Nos. 202-210).

## PROCEDURAL HISTORY

The Court has already detailed the procedural history of the present case (Rec. Doc. No. 109), and presents only an abridged version of the relevant history here.

The instant suit was filed in the 24th Judicial District for the Parish of Jefferson on February 15, 2008 against 3901 Ridgelake Drive, LLC, Gayle O. Jenkins, Arlen Jenkins, Gayle O. Jenkins Properties, and Southwinds Express Construction, LLC, alleging negligence, breach of contract, and breach of the duty of good faith and fair dealing arising out of Plaintiffs' purchases of condominiums in the Pontchartrain Caye Complex.[1] (Rec. Doc. No.

---

[1] This case was removed to the United States District Court on March 31, 2011 under 28 U.S.C. § 1334(e)(1), as Jenkins filed for bankruptcy. (Rec. Doc. No. 1). The matter was referred to the Bankruptcy Court after Jenkins claimed that a judgment in the instant matter would affect her bankruptcy estate. (Rec. Doc. No. 8-1, p.1). On July 7, 2011, the Eastern District "withdrew the reference

49). Defendants added CSI,[2] Fidelity and Deposit Company of Maryland, ABC, Clayton Roofing and Construction, Inc., Soprema, Simms Hardin Company, LLC, Sharp, Gallo Mechanical, Inc., Commercial Paint, Crasto, Year Round, and Thrasher Waterproofing Corp as third-party defendants.[3] (*Id.* at 1-2).

On March 28, 2012, the Court granted Plaintiffs' Motion for Partial Summary Judgment on the Issue of the New Home Warranty Act and denied CSI's Motion for Partial Summary Judgment against 3901. (Rec. Doc. No. 109). In that Order, the Court ruled that the arbitration award was not granted preclusive effect as to 3901's claims against CSI in the instant suit. (Rec. Doc. No. 109, pp.13-16).

Plaintiffs now seek partial summary judgment, arguing that 3901's corporate veil has been pierced and that Jenkins is personally liable unto Plaintiffs under Louisiana's *res judicata* doctrine. (Rec. Doc. No. 202). Jenkins has opposed Plaintiffs'

---

of this matter to the Bankruptcy Court" because all parties desired a jury trial. (Rec. Doc. No. 5).

[2] Arbitration proceedings occurred between 3901, CSI, and defendant Gayle O. Jenkins between November 8, 2010, and December 17, 2010. The arbitrator found that 3901's corporate veil had been pierced and imposed personal liability on Jenkins as a managing member of 3901. (Rec. Doc. No. 202-4, Ex. B to Pl.'s Mot. Summ. J.).

[3] Several other crossclaims, counterclaims, and third-party claims have been filed by numerous parties in this case, which are not detailed here.

Motion, claiming that the *res judicata* doctrine does not apply.
(Rec. Doc. No. 210).

## LAW AND ANALYSIS

### A.    Summary Judgment Standard of Review

Federal Rule of Civil Procedure 56 permits a court to grant
summary judgment "if the movant shows that there is no genuine
dispute as to any material fact and the movant is entitled to
judgment as a matter of law." Fed. R. Civ. P. 56(a). In making this
determination, a district court must consider "the pleadings,
depositions, answers to interrogatories, and admissions on file,
together with the affidavits, if any" are presented. Fed. R. Civ.
P. 56(c). A party requesting summary judgment "must establish that
there are no genuine issues of material fact." *Provident Life &
Acc. Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). In the
Fifth Circuit, an issue is material if its resolution has the
potential to affect the outcome of the action. *See, e.g.*, *Roberts
v. Cardinal Services, Inc.*, 266 F.3d 368, 373 (5th Cir. 2001).
Summary judgment cannot be granted if the evidence available would
permit a reasonable jury to return a verdict for the non-moving
party. *See, e.g.*, *Hunt v. Rapides Healthcare System, LLC,* 277 F.3d
757, 762 (5th Cir. 2001).

If the moving party can demonstrate that there is no genuine
issue of material fact, the "burden shifts to the nonmoving party

3

to show that summary judgment is not appropriate." *Fields v. City of S. Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991). For a non-moving party to prevail on a motion of summary judgment, it must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' [and] designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986), quoting Fed. R. Civ. P. 56. For the purposes of a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## B.    Collateral Estoppel

As noted by Jenkins, this Court has already determined that the arbitration decision does not have preclusive effect in the instant case. (Rec. Doc. No. 109).

For the outcome of the arbitration proceeding to have preclusive effect in the instant case, this Court must determine whether the procedure had appropriate due process, that the general requirements of *res judicata* are met, and that there is no federal interest raised that warrants special protection.[4] *Universal Am.*

---

[4] In the instant case, there is no allegation of improper due process during the arbitration proceedings; therefore, the first of the *Universal American Barge* factors is fulfilled. *Universal American Barge Corp. v. J-Chem, Inc.*, 946 F.2d 1131, 1142 (5th Cir. 1991). Similarly, there are no "federal interests warranting special protection" alleged by any of the parties. *Id.*

*Barge Corp.*, 946 F.2d at 1142. The parties must be the same (or in privity with one another), the transactions in the first and second action must be the same, and there must be a final judgment on the merits in the first action. *Russell v. Sunamerica Sec., Inc.*, 962 F.2d 1169, 1173 (5th Cir. 1992). In order for *res judicata* to take effect, Louisiana law requires that:

> (1) the judgment [be] valid; (2) the judgment [be] final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.

*Burguieres v. Pollingue*, 843 So.2d 1049, 1053 (La. 2/25/03).

Plaintiffs argue that they can establish the third element of *res judicata*, namely, that the parties are the same, because they share the same "quality or capacity" with CSI. (Rec. Doc. No. 201-2, p.6, citing *Myers v. Nat'l Union Fire Ins. Co. of La.*, 43 So.3d 207, 211 (La.App. 4th Cir. 2010)).[5] The plaintiff in *Myers* was involved in an accident in which a 1990 Bell Model 412 helicopter purchased by Petroleum Helicopters, Inc. from Bell Helicopter Textron, Inc. made a forced emergency landing in the Gulf of Mexico. Richard Tucker, Michael Leboeuf, and Kyle Myers were all

---

[5] The requirement that the parties are the same in both suits does not mean that the parties must have the same physical identity, but that the parties must appear in the "same quality or capacity." *Myers* at 211, citing *Berrigan v. Deutsch, Kerrigan & Stiles, LLP*, 806 So.2d 163, 167 (La.App. 4th Cir. 1/2/02).

passengers on the helicopter, and each filed a separate lawsuit. *Myers* at 208. The trial court in Mr. Tucker's action[6] found Bell Helicopter Textron, Inc. to be completely at fault for the helicopter accident. *Id.* at 209. Mr. Myers subsequently filed a motion for partial summary judgment, intending to establish that he was free from fault from the subject accident. *Id.* at 210.

The issue before the *Myers* court was whether Mr. Tucker's action had any preclusive effect on Mr. Myers' action.[7] The court found *res judicata* to apply because the parties in *Myers* were the same as the parties in the *Tucker* judgment. *Id.* at 212. The court noted that the "only parties that could be liable in this action, Bell and PHI, are in the same position as they were in the *Tucker* trial." *Id.* Since the parties were "appearing in the same capacities," they were considered by the court to be "the same parties." *Id.* The court also found that Mr. Myers' interest, which was to determine which party was at fault in causing the helicopter accident, was adequately represented in the *Tucker* matter. *Id.*

In order for the Court to determine whether the arbitrator's finding of piercing the corporate veil grants Plaintiffs preclusive

---

[6] *Tucker v. Petroleum Helicopters, Inc.*, 9 So.3d 966 (La.App. 4th Cir. 3/23/09), *writ den.*, 10 So.3d 736 (La. 6/19/09).

[7] Bell Helicopter Textron, Inc. presented two assignments of error: first, that the parties to the judgment in *Tucker* are not the same as the parties in that matter, and; second, that the final judgment of *Tucker* resolved different liability issues than those at issue in the *Myers* action. *Myers*, 43 So.3d at 207.

effect, the Court must examine the capacities in which CSI and Plaintiffs brought their actions. The arbitration proceeding was between CSI, 3901, and Jenkins. (Rec. Doc. No. 11-2, p.1). The subject matter of the arbitration was CSI seeking recovery of damages for the construction of the condominiums, and 3901 seeking recovery of damages from CSI for defective work. (Rec. Doc. No. 11-2 at 1). The Court also notes that the plaintiffs in *Myers* and *Tucker* both sought damages arising out of the helicopter accident. Here, however, the arbitration arose out of a contract dispute between the *contractor* and the *subcontractor*, whereas the instant suit arose out of a contract dispute between the *seller* and the *purchasers of property*. The parties in the arbitration action were not acting in the same capacity as they are here. As such, Louisiana's *res judicata* doctrine does not apply.

## C.  Piercing the Corporate Veil

Louisiana law insulates a member of a limited liability company from personal liability for a debt or obligation of the limited liability company. LA. REV. STAT. § 12:1320(B). However, Subsection D of this same statute clearly provides a cause of action against a member of a limited liability company because of any breach of professional duty, as well as for any fraud or other negligent or wrongful act by such person. *W.J. Spano Co., Inc. v. Mitchell*, 943 So.2d 1131, 1132–33 (La.App. 1st Cir. 9/15/06). Thus,

7

members of limited liability companies generally may not be
assessed with personal liability for the debts and obligations of
their limited liability company to third parties, unless there is
proof of negligence or wrongful conduct by that person. *Regions*
*Bank v. Ark-La-Tex Water Gardens, L.L.C.*, 997 So.2d 734, 740
(La.App. 2nd Cir. 11/5/08), *writ den.*, 5 So.3d 119 (La. 3/13/09).

Furthermore, "[i]n determining whether to pierce the corporate
veil to impose contractual or legal obligations on an individual,
competing policies supporting the recognition of a separate
corporate existence and those justifying piercing the veil must be
weighed to determine if there is some misuse of the corporate
privilege or other justification for limiting it under the facts of
a particular situation." *Prasad v. Bullard*, 51 So.3d 35, 41
(La.App. 5th Cir. 10/12/10).

The arbitrator in the action between CSI, 3901, and Jenkins
determined whether to pierce 3901's veil *as it related to the*
*contractual transaction between CSI and 3901*. (Rec. Doc. No. 202-4,
Exhibit B to Pl.'s Mot. Summ. J.). But, in the present action, the
Court must examine the "facts of [the] particular situation"
between Plaintiffs and 3901 to determine whether to pierce 3901's
veil. Thus, even had there been some "sameness" between the parties
and because the inquiry into piercing the corporate veil turns on

the specific facts in dispute, the arbitrator's finding cannot apply to Plaintiffs' claims against 3901 and Jenkins.

## CONCLUSION

Louisiana's *res judicata* doctrine does not apply since the parties in the arbitration action were not acting in the same capacity as they are here. Furthermore, to pierce 3901's corporate veil, there must first be a finding of negligence or wrongful conduct on the part of 3901 *vis-a-vis* Plaintiffs. Such is a question of fact reserved for the fact-finder at trial and is not proper at the summary judgment stage.

New Orleans, Louisiana, this 20th day of August, 2012.

_____
UNITED STATES DISTRICT JUDGE